# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GREATER BIRMINGHAM MINISTRIES, ) ) ) *Plaintiff*, ) ) v. ) ) JOHN H. MERRILL, in his official capacity as Secretary of State of the State of Alabama, ) ) ) ) ) *Defendant*. ) | Case No. 2:22-cv-00228-AKK |

### SECRETARY OF STATE'S REPLY IN SUPPORT OF HIS MOTION TO TRANSFER VENUE

In opposition to Secretary Merrill's motion to transfer venue, GBM encourages this Court to rely on non-binding authority that focused on where the plaintiff received a communication *only* because the communication itself was a necessary part of the wrongful act. That authority does not apply here.

Here, the relevant act that gives rise to GBM's claims is Secretary Merrill's "refus[al] to produce records responsive to the Purged Voters Request and Felony Records Request." Doc. 1 at 12; *id.* ¶¶ 1, 36, 47, 52. The decisions about how to respond to GBM's requests were made at the Secretary's office, which is in the Middle District of Alabama, not the Northern District. The decisions were made *before* GBM received the letters informing it of those decisions. Thus, the letters cannot be

1

"events that directly give rise to a claim," *Jenkins Brick Co.*, 321 F.3d 1366, 1371 (11th Cir. 2003). Because this District is not a "location[] hosting a substantial part of the [defendant's actions] which directly give rise to the plaintiff's claim," *see* doc. 14 at 2 (citation and internal quotation marks omitted), venue is not proper.

GBM argues that "where a defendant's unlawful actions constitute communications, the wrongful event occurs in the district *where the plaintiff received the communication*" for purposes of venue. *Id.* at 1–2. GBM cites various authorities for the proposition, but only one, *U.S. v. Thayer*, 209 U.S. 39 (1908), would be binding—if it were on point. In *Thayer*, "[t]he only question argued or intended to be raised [wa]s whether the defendant's physical presence in the building was necessary to create the offense [of solicitation]." 209 U.S. at 42. *Thayer* is not a decision about venue, so it doesn't establish any exception to the Eleventh Circuit's focus on the location of the defendant's acts in *Jenkins Brick*.

GBM's cases are premised on the idea that the communication is part of the allegedly wrongful act, but there is no such wrongful communication here. *Thayer* involved a criminal prosecution for solicitation. The Supreme Court stated that "the solicitation was in the place where the letter was received," *Thayer*, 209 U.S. at 44, because the solicitation "was not complete when the letter was dropped into the post," *id.* at 43. Receipt of the letter was thus an element of the offense. *See id.* ("[H]e did not solicit until his letter actually was received in the building[.]").

2

GBM also cites two circuit court decisions, *see* doc. 14 at 3 n.1, that similarly concern criminal offenses that necessarily involve communication. *See United States v. Naranjo*, 14 F.3d 145, 147 (2d Cir. 1994) (in discussing a conviction for conspiracy to distribute illegal substances: "[p]hone calls in furtherance of a conspiracy are criminal acts"); *United States v. Rounds*, 749 F.3d 326, 335 (5th Cir. 2014) (in discussing a conviction for using a facility of interstate commerce to persuade a juvenile to engage in sexual activity: "the phone calls and text messages sent . . . to the minor . . . constitute acts that were part of the completion of Count Two"). Moreover, these decisions arise under a different venue statute, 18 U.S.C. § 3237, which concerns criminal "[o]ffenses begun in one district and completed in another."

GBM's remaining authorities are unpublished district court decisions, and they fit the same mold. The first group includes *Bailey v. Clegg, Brush and Assocs., Inc.*, No. 1:90-CV-2702-CAM (N.D. Ga. June 14, 1991), and *Meredith v. Unifund CCR Partners*, No. 2:08-CV-375-MEF, 2008 WL 4767523 (M.D. Ala. Oct. 29, 2008). These cases involved claims brought under the Fair Debt Collection Practices Act ("FDCPA"). *See* 15 U.S.C. § 1692 *et seq.* To violate the FDCPA, a defendant generally must have communicated with the plaintiff. *See id.* § 1692(c) ("Communication in connection with debt collection"). So, it should not be surprising that the *Bailey* court stated that "[t]he injuries did not occur until communications were received by plaintiff," 1991 WL 143461, at *2, because communication was a

necessary part of the FDCPA violation. Similarly, the *Meredith* court relied on *Bailey* to conclude that "Plaintiff did not suffer any injury until the mail that initiated the lawsuit was received in Montgomery County." 2008 WL 4767523, at *3.

The second group includes *Lary v. Drs. Answer, LLC*, No. CV-12-S-3510-NE, 2013 WL 987879 (N.D. Ala. Mar. 8, 2013), and *Fitzhenry v. Guardian Prot. Srvs., Inc.*, No. 16-1253, 2016 WL 6652760 (W.D. Pa. 2016). These cases involved claims brought under the Telephone Consumer Protection Act of 1991 ("TCPA"), s*ee* 47 U.S.C. § 227 *et seq.*, but they rely on the earlier FDCPA cases that GBM cites. Like a claim under the FDCPA, a claim under the TCPA necessarily involves a communication. *See id.* § 227(b)(1)(A)–(D). The court in *Lary* relied on *Meredith* and *Bailey* to conclude that venue was proper because plaintiff's injury "did not occur when the facsimile was *sent* from New Jersey; it occurred when the [facsimile] was *received* in Alabama." 2013 WL 987879, at *5 (internal quotation marks and citation omitted). And in *Fitzhenry*, while relying on the FDCPA decisions and *Lary*, the court said that "[d]istrict courts find proper venue where the alleged injury occurred which, in a TCPA action, is where the telephone call was received." 2016 WL 6652760, at *1 (footnote omitted).

In sum, venue was proper in these cases in the district where the plaintiff received the communication because the communication itself was a necessary part of the wrongful act. Secretary Merrill's communications here—unlike those in the

4

cases that GBM cites—are not wrongful. They're not a necessary part of any alleged wrongful act or an NVRA violation. That is, GBM's claim would still have arisen absent the letters. Even if sending the letters was a "necessary event, in a causal sense," it is not "an event giving rise to [the plaintiff's] claim because it was not itself wrongful." *Jenkins Brick*, 321 F.3d at 1372 (quoting *Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir. 1995)) (internal quotation marks omitted). Thus, this narrow exception to *Jenkins Brick*'s rule does not apply.

    GBM's contrary rule would discourage officials from responding to complaints and inquiries to avoid making venue proper in locations where it otherwise would not be. Indeed, GBM alleged here that Secretary Merrill failed to respond to its First Notice Letter. Doc. 1 ¶ 37. Under GBM's theory, had Secretary Merrill responded to that letter from GBM's counsel in Washington D.C., *see* doc. 1-1, GBM could argue that venue is proper in the District of Columbia. A rule that disincentivizes Secretary Merrill from informing GBM about his decision makes no sense and is contrary to the public interest.

    Because the actions that give rise to GBM's claims occurred wholly within Montgomery, venue is not proper in the Northern District of Alabama. This case should thus be transferred to the only proper venue: the Middle District of Alabama.

Respectfully submitted,

Steve Marshall
  *Attorney General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

s/Benjamin M. Seiss
Misty S. Fairbanks Messick (ASB-1813-T71F)
Benjamin M. Seiss (ASB-2110-O00W)
  *Assistant Attorneys General*

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: 334.242.7300
Jim.Davis@AlabamaAG.gov
Misty.Messick@AlabamaAG.gov
Ben.Seiss@AlabamaAG.gov

*Counsel for Secretary Merrill*

### CERTIFICATE OF SERVICE

I certify that on March 21, 2022, I filed the foregoing document electronically via the Court's CM/ECF system, which will send a copy to all counsel of record.

Benjamin M. Seiss
*Counsel for Secretary Merrill*